FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

2016 JUN 13 AM 11:38

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FL
OCALA FLORIDA

CASE NO.

5:16-CV-387-OC-30PRL

STACEY HART,

    Plaintiff,

v.

CREDIT CONTROL, LLC,

    Defendant.

_____/

COMPLAINT AND TRIAL BY JURY DEMAND

## NATURE OF ACTION

1. This is an action brought pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

## JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendant transacts business in this district.

## PARTIES

4. Plaintiff Stacey Hart ("Plaintiff") is a natural person who at all relevant times resided in the State of Florida, County of Lake, and City of Umatilla.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant Credit Control, LLC ("Defendant") is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

1

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due, a creditor other than Defendant.

9. Plaintiff's alleged obligation arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely, a personal credit account (the "Debt").

10. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

11. On March 5, 2016, Defendant telephoned Plaintiff and left the following voicemail message:

> This is Credit Control calling with a message. This call is from a debt collector.
> Please call us at 866-784-1160. Thank you.

12. The March 5, 2016 voicemail was Defendant's initial oral communication with Plaintiff.

13. Defendant did not send Plaintiff an initial written communication until March 7, 2016.

14. Defendant's March 5, 2016 voicemail failed to disclose "that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose." *See* 15 U.S.C. § 1692e(11).

15. On March 9, 2016, March 10, 2016, and March 17, 2016 Defendant telephoned Plaintiff and left the following voicemail message:

> This is Credit Control calling with a message. This call is from a debt collector.
> Please call us at 866-784-1160.

16. On March 22, 2016, Defendant telephoned Plaintiff and left the following voicemail message:

> This is Credit Control calling with a message. This call is from a debt collector. Please return my call to 866-784-1160.

17. Defendant's March 5, 9, 10, 17, and 22 voicemails each failed to disclose the identity of the individual placing the call.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692d(6)

18. Plaintiff repeats and re-alleges each and every factual allegation in paragraphs 4 through 11 and 15 through 17.

19. Defendant violated 15 U.S.C. § 1692d(6) by placing a telephone call to Plaintiff without meaningfully disclosing the caller's identity.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692d(6);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692e(11)

20. Plaintiff repeats and re-alleges each and every factual allegation in paragraphs 4 through 14.

21. Defendant violated 15 U.S.C. § 1692e(11) by failing to notify Plaintiff during its initial oral communication that it was attempting to collect a debt and that any information obtained would be used for that purpose.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(11);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

22. Plaintiff is entitled to and hereby demands a trial by jury.

Dated: June 7, 2016.

Respectfully submitted,

/s/ Alex D. Weisberg
Alex D. Weisberg
FBN: 0566551
Weisberg Consumer Law Group, PA
Attorneys for Plaintiff
5846 S. Flamingo Rd, Ste. 290
Cooper City, FL 33330

(954) 212-2184
(866) 577-0963 fax
aweisberg@afclaw.com

Correspondence address:
Thompson Consumer Law Group, PLLC
5235 E. Southern Ave. D106-618
Mesa, AZ 85206