**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

STACEY HART,

      Plaintiff,

v.                                   Case No: 5:16-cv-387-Oc-30PRL

CREDIT CONTROL, LLC,

      Defendant.

_____

## ORDER

      THIS CAUSE comes before the Court on Defendant Credit Control LLC's Motion to Dismiss (Doc. 7); Plaintiff Stacy Hart's response in opposition (Doc. 9); and Defendant's reply (Doc. 12). The Court has considered these filings, the complaint, and the relevant law and concludes Defendant's motion should be granted.

## FACTUAL BACKGROUND

      Plaintiff's complaint alleges Defendant violated two provisions of the Fair Debt Collection Practices Act (the "FDCPA"), Title 15 U.S.C. § 1692 *et. al*, by leaving five voicemails with Plaintiff. The contents of the voicemails are as follows:

- March 5, 2016:

  This is Credit Control calling with a message. This call is from a debt collector. Please call us at 866-784-1160. Thank you.

- March 9, 10, and 17, 2016:

  This is Credit Control calling with a message. This call is from a debt collector. Please call us at 866-784-1160.

- March 22, 2016:

  This is Credit Control calling with a message. This call is from a debt collector. Please return my call to 866-784-1160.

Plaintiff alleges all of the voicemails violate 15 U.S.C. § 1692d(6) because Defendant did not provide meaningful disclosure to Plaintiff since the caller did not identify his or herself. Plaintiff also alleges the March 5, 2016 voicemail violates § 1692e(11) because the voicemail was an initial oral communication for which Defendant failed to disclose "that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose."

## MOTION TO DISMISS STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a complaint to be dismissed for failure to state a claim on which relief can be granted. When reviewing a motion to dismiss, courts must limit their consideration to the well-pleaded allegations, documents central to or referred to in the complaint, and matters judicially noticed. *See La Grasta v. First Union Securities, Inc.*, 358 F.3d 840, 845 (11th Cir. 2004). Furthermore, they must accept all factual allegations contained in the complaint as true, and view the facts in a light most favorable to the plaintiff. *See Erickson*, 551 U.S. at 93–94.

Legal conclusions, however, "are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009). In fact, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003). To survive a motion to dismiss, a complaint must instead contain sufficient factual matter, accepted as true, to

"state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal quotation marks and citations omitted). This plausibility standard is met when the plaintiff pleads enough factual content to allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (internal citations omitted).

## DISCUSSION

Accepting the allegations of the complaint as true, including the contents of each voicemail, the Court concludes Plaintiff's action must be dismissed. As will be explained below, Defendant's voicemails provided meaningful disclosure to Plaintiff, and the voicemails did not constitute a communication under the FDCPA.

Before reaching that analysis, the Court notes that "the purpose of [the FDCPA is] to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692; *Bishop v. Ross Earle & Bonan, P.A.*, 817 F.3d 1268, 1271 (11th Cir. 2016). The Court also notes that the "least-sophisticated consumer" standard applies to both of Plaintiff's claims. *Bishop*, 817 F.3d at 1274; *see also LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1193, 1201 n.33 (11th Cir. 2010). This standard is an objective test designed to protect the vulnerable while preventing "liability for bizarre or idiosyncratic interpretations of collection notices." *LeBlanc,* 601 F.3d at 1194; *Jeter v. Credit Bureau, Inc.,* 760 F.2d 1168, 1175 (11th Cir. 1985).

**A. Voicemails Provided Meaningful Disclosure to Plaintiff**

Plaintiff alleges Defendant's voicemails violated § 1692d(6) because the callers who left the voicemails did not identify themselves. Defendant argues, and the Court agrees, that the FDCPA does not require callers to identify themselves in order to satisfy the requirements of § 1692d(6) in these circumstances.

As with any case under the FDCPA, "we begin with the language of the statute itself." *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998). Section 1692d(6) provides:

> A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
> **(6)** Except as provided in section 1692b of this title, the placement of telephone calls without *meaningful disclosure of the caller's identity.*

(italics added for emphasis). The question before the Court is whether identifying Defendant provided meaningful disclosure to the least-sophisticated consumer.

No circuit court has directly addressed this issue, and district court rulings are inconsistent. *See e.g. Valencia v. Affiliated Grp., Inc.*, No. 07-61381-CIV-JOHNSON, 2008 WL 4372895, at *3 (S.D. Fla. Sept. 24, 2008) ("Courts construing Section 1692d(6) have 'uniformly held that it requires a debt collector to disclose the caller's name, the debt collection company's name, and the nature of the debt collector's business.'"); *but see Wright v. Credit Bureau of Georgia, Inc.,* 548 F.Supp. 591, 597 (N.D. Ga. 1982) ("the meaningful disclosure required by section 1692d(6) has been made if an individual debt

collector who is employed by a debt collection company accurately discloses the name of her employer and the nature of her business").

The only constant among the decisions addressing meaningful disclosure seems to be that a debt collector must, when viewing the call in its totality, "'disclose enough information so as not to mislead the recipient as to the purpose of the call.'" *Beeders v. Gulf Coast Collection Bureau*, 796 F. Supp. 2d 1335, 1339 (M.D. Fla. 2011) (quoting *Hosseinzadeh v. M.R.S. Assocs., Inc.,* 387 F. Supp.2d 1104, 1112(C.D. Cal. 2005)). The Eleventh Circuit upheld the application of this test, explaining it is proper to consider whether "even an unsophisticated consumer would not be misled as to the purpose of th[e] call" when viewing the message as a whole. *Beeders v. Gulf Coast Collection Bureau, Inc.*, 432 F. App'x 918, 919 (11th Cir. 2011).

Based on the above, this Court concludes Defendant's voicemails, considered in their totality, do not violate § 1692d(6). The voicemails, while not identifying the individual representative as Plaintiff would require, did identify Defendant and Defendant's status as a debt collector. That disclosure is sufficient because it is Defendant's identity, and not that of the individual caller, that is meaningful to a consumer. *See Torres v. ProCollect, Inc.*, 865 F. Supp. 2d 1103, 1105 (D. Colo. 2012)[1]; *Kuberski v. Cred X Debt*

---

[1] The Court agrees with the analysis in *Torres*, explaining:

A caller's name (and certainly not a caller's alias) has no real "meaning" to a consumer—the human caller is not the entity which owns or seeks the debt; the consumer would not satisfy the debt by writing a check to the caller; nor would the consumer sue the caller personally for violating the FDCPA. Thus, the only way for an identity disclosure to be meaningful to a consumer is if it discloses the name of the debt collection company. Moreover, "because the FDCPA ... is a remedial statute, it should be construed liberally in favor of the consumer." Given the

*Recovery, LLC*, No. 11-CV-03247-RPM-KLM, 2012 WL 2943726, at *9 (D. Colo. July 2, 2012); *Dorris v. Accounts Receivable Mgmt., Inc.*, No. CIV.A. GLR-11-3453, 2013 WL 1209629, at *7 (D. Md. Mar. 22, 2013) (citing *Torres* and *Beeder*, *supra*); *Moore v. Account Control Tech., Inc.*, No. 6:14-CV-1967-TC, 2015 WL 7581076, at *2 (D. Or. Oct. 20, 2015), *report and recommendation adopted*, No. 6:14-CV-1967-TC, 2015 WL 7574764 (D. Or. Nov. 23, 2015). Thus, the voicemails provided meaningful disclosure to the least-sophisticated consumer, and Plaintiff cannot state a claim under § 1692d(6).

### B. Voicemail Was Not Communication under FDCPA

Plaintiff alleges that the March 5 voicemail violated § 1692e(11) because Defendant did not provide the disclosures required in an initial oral communication. Once again, the Court starts with the language of the relevant FDCPA provisions. Section 1692e(11) provides as follows:

> A debt collector may not use any false, deceptive, or misleading representation or means *in connection with the collection of any debt.* Without limiting the general application of the foregoing, the following conduct is a violation of this section:
> **(11)** The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that *initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose*, and the failure to disclose in subsequent communications that the

---

information that § 1692d(6) targets, there are only three constructions of "meaningful disclosure of the caller's identity:" either it requires disclosing the caller's personal name (or alias), the debt collection company's name, or both. A liberal construction favoring the consumer would require disclosing the debt collection company's name.

*Id.*

communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

(italics added for emphasis). Section 1692a(2) defines the term "communication" as "the conveying of information regarding a debt directly or indirectly to any person through any medium." As such, Defendant would have been obligated to provide § 1692e(11)'s mini-*Miranda* warning only if its voicemail can be said to have conveyed information regarding a debt and was in connection with the collection of a debt.[2] *See Caceres v. McCalla Raymer, LLC*, 755 F.3d 1299, 1302 (11th Cir. 2014).

Defendant does not dispute that it did not provide the mini-*Miranda* warning in the March 5 voicemail, nor does it argue the voicemail was not made in connection with the collection of a debt. Rather, it argues that the voicemail was not a communication under § 1692a(2).

For this argument, Defendant relies primarily on *Zortman v. J.C. Christensen & Associates, Inc.*, 870 F. Supp. 2d 694 (D. Minn. 2012), in which the district court held that a substantially similar voicemail message was not a communication under § 1692a(2).[3] The court reasoned that the voicemail was not a communication because it did not say that

---

[2] The Court's conclusion that the voicemail satisfied the meaningful disclosure requirement of § 1692d(6) is not dispositive of whether the voicemail is a communication. Section 1692d applies to a debt collector's *conduct* while § 1692e(11) applies only to a debt collector's *communications*. The term conduct is broader than communication, and, therefore, § 1692d could apply to the voicemail while § 1692e(11) does not. *Holland v. Bureau of Collection Recovery*, 801 F. Supp. 2d 1340, 1343 (M.D. Fla. 2011); *Lynch v. Fin. Recovery Servs. of Minnesota, Inc.*, No. 12-60945-CIV, 2013 WL 11971263, at *2 (S.D. Fla. Sept. 30, 2013); *see also Miljkovic v. Shafritz & Dinkin, P.A.*, 791 F.3d 1291, 1300 (11th Cir. 2015).

[3] The voicemail in *Zortman* stated: "We have an important message from J.C. Christensen & Associates. This is a call from a debt collector. Please call 866–319–8619." *Id.* at 696.

7

the call was for the plaintiff, nor did it say that the call was to collect a debt owed by the plaintiff. *Id.* at 704–05. The court also found that the voicemail left no more information than a missed call (which is acceptable under the FDCPA) because a missed call would also have identified the phone number and allowed the plaintiff to identify the caller as a debt collector by even the most rudimentary internet search. *Id.* at 706. The court then reasoned that interpreting the voicemail as a communication would effectively prohibit debt collectors from being able to use the telephone, which would stymie debt collectors from learning whether debtors wished to communicate with them. *Id.* at 706–07. The court concluded that

> Finding that the sort of identifying message left by JCC here is not a third-party "communication" is in harmony with the stated purposes of the Act. The legislative intent of the FDCPA "calls for a broad construction of [the FDCPA's] terms in favor of the consumer." For the reasons stated, interpreting § 1692c(b)[4] to prohibit voicemail messages that merely identify the caller as a debt collector and leave a return phone number does not favor the consumer. The FDCPA should not be interpreted "to create bizarre results likely beyond the scope of Congress's intent in enacting the statute." Prohibiting voicemail messages, like those left by JCC that provide no more information than would be available through caller ID, does not directly advance the interests Congress set out to protect in the FDCPA.

*Id.* at 707 (internal citations omitted).

Plaintiff argues the Court should reject *Zortman*, which is a minority view, and instead follow the majority view that voicemails from debt collectors are *per se*

---

[4] The debtor in *Zortman* argued the debt collector violated § 1692c(b), which prohibits certain communications to third parties, because the voicemail was heard by her children to whom she had loaned her phone. *Id.* at 696. This difference is immaterial, though, because the court's analysis hinged on whether the voicemail was a communication under § 1692a(2), which is an essential element under both § 1692c(b) and § 1692e(11).

communications under the FDCPA. Plaintiff also argues that the district court in *Zortman* failed to apply the least-sophisticated consumer standard when determining whether the voicemail was a communication.

The Eleventh Circuit has never addressed the issue of whether a voicemail, regardless of its contents, constitutes a communication under the FDCPA. The only circuit court that has addressed the issue directly rejected the position Plaintiff urges this Court to adopt. *Brown v. Van Ru Credit Corp.*, 804 F.3d 740, 743 (6th Cir. 2015) (finding voicemail from debt collector left at debtor's work was not a communication under the FDCPA after considering contents of the message). Other circuits have also used a fact-specific inquiry to determine whether other types of messages constitute communications under § 1692(a). *See e.g. Marx v. Gen. Revenue Corp.*, 668 F.3d 1174, 1177–78 (10th Cir. 2011), *aff'd*, 133 S. Ct. 1166 (2013); *Simon v. FIA Card Servs., N.A.*, 732 F.3d 259, 267 (3d Cir. 2013); *Geiger v. Creditors Interchange, Inc.*, 59 F. App'x 803, 804 (6th Cir. 2003).

This Court refuses to paint all voicemails with the same broad brush and, instead, agrees with the approach of the circuit courts that have considered this and similar issues. This requires the Court to determine whether the content of the March 5 voicemail falls within the scope of § 1692a(2), *i.e.* whether it conveys information regarding a debt.

Considering the content of the March 5 voicemail, the Court concludes it is not a communication for purposes of the FDCPA. Like the voicemail in *Zortman*, nothing in the March 5 voicemail identified Plaintiff nor any debt owed by Plaintiff. The voicemail, in fact, did not reference any debt at all, directly or indirectly. As such, the Court concludes

the voicemail in no way "conveyed information regarding a debt," and, therefore, the complaint fails to state a claim under § 1692e(11).[5]

ORDERED AND ADJUDGED that:

1.      Defendant Credit Control LLC's motion to dismiss (Doc. 7) is GRANTED.

2.      Plaintiff Stacy Hart's complaint is dismissed with prejudice.

3.      All pending motions are denied as moot, and the Clerk is directed to close this file.

**DONE** and **ORDERED** in Tampa, Florida, this 17th day of October, 2016.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

---

[5] As a whole, Plaintiff's allegations in the complaint are absurd. The five innocuous voicemails of which Plaintiff complains are not the sort of abusive practices the FDCPA was meant to proscribe, and Plaintiff's claims were wholly without support from any binding law. Moreover, forcing debt collectors to jump through the hoops that Plaintiff envisions would not further the purpose of the FDCPA, *i.e.* protecting debtors without unnecessarily hindering the non-abusive practices of debt collectors.